IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Zuhal Osman,                    :

    Plaintiff,              :

  v.                            :      Case No. 2:11-cv-577

Mission Essential Personnel,    :      JUDGE ALGENON L. MARBLEY
    LLC,                           Magistrate Judge Kemp

    Defendant.              :

ORDER

On September 19, 2011, defendant Mission Essential Personnel, LLC filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6), arguing that some (but not all) of the claims asserted in the complaint should be dismissed on various grounds. The motion is fully briefed and remains pending.

On March 29, 2012, Mission Essential Personnel moved for a stay of discovery pending a ruling on the motion to dismiss. The motion states that discovery was served on Mission Essential Personnel on March 22, 2012, and that if the motion to dismiss were granted, a substantial amount of the time needed to respond to that discovery could be saved. Plaintiff responded on April 23, 2012, making two arguments: (1) that the mere pendency of a motion to dismiss does not justify a stay of discovery, and (2) that because the motion to dismiss, even if granted, would not result in a complete dismissal of the case, there is no reason to stay discovery. Mission Essential Personnel has not filed a reply.

A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. <u>Chrysler Corp. v. Fedders Corp.</u>. 643 F.2d 1229 (6th Cir. 1981). In ruling upon a motion for stay, the Court is required to weigh the burden

of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery. Marrese v. American Academy of Orthopedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983). When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery. Id.

However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6). As one court has observed,

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, cf. Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N. D. Cal.

1990).  See also Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery....").  Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.

Here, Mission Essential Personnel has not argued its motion to stay in light of these factors.  Further, the motion to dismiss does not raise either immunity from suit or a clear-cut issue such as the statute of limitations, but argues a variety of reasons why six of the seven claims at issue are insufficient.  Plaintiff has filed a response which is some 22 pages long.  While the length of the response is not itself determinative of whether there are good faith arguments to be made in opposition to the motion to dismiss, it appears from a review of the response that it contains a number of non-frivolous arguments, and it is by no means a virtual certainty that Mission Essential Personnel will prevail either on the entirety of its motion, or any specific portion of it.  Given this fact, a stay of discovery is simply not appropriate.

For all of these reasons, defendant's motion to stay discovery (#14) is denied.  Defendant shall respond to the written discovery which has been served within 30 days of the date of this order.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or

part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge